CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 18, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

WILLIAM LEE ANDERSON, II,  )
           )
   Plaintiff,     )  Case No. 7:26-cv-00386
           )
v.           )  **MEMORANDUM OPINION**
           )
BRITTANY GROSS, *et al.*,   )  By:  Hon. Thomas T. Cullen
           )      United States District Judge
   Defendants.   )

---

Plaintiff William Lee, a Virginia inmate proceeding *pro se*, filed this civil-rights action under 28 U.S.C. § 1983 against several Defendants employed at the Pocahontas State Correctional Center and River North Correctional Center. (*See* ECF No. 1.) Plaintiff did not pay the filing fee before filing his complaint and instead appears to be seeking leave to proceed with this action *in forma pauperis*.

Under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner may not bring a civil action without prepayment of fees, even upon meeting the *in forma pauperis* requirements, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brough an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(g). From the court's review, Plaintiff has had more than three cases dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, including:

  (i)  *Anderson v. Woolf*, Case No. 7:15-cv-00110 (W.D. Va.) (dismissed as frivolous under 28 U.S.C. § 1915A(b)(1));

(ii)    *Anderson v. Lowe*, Case No. 7:15-cv-00111 (W.D. Va.) (dismissed as frivolous under 28 U.S.C. § 1915A(b)(1));

(iii)    *Anderson v. Barker*, Case No. 7:15-cv-00112 (W.D. Va.) (dismissed as frivolous under 28 U.S.C. § 1915A(b)(1));

Because Plaintiff has three "strikes" under § 1915(g), he is only eligible to proceed without prepaying the filing fee if he demonstrates that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This exception to the three-strikes rule "allows a very narrow class of prisoner claims to bypass the 'three[-]strikes' rule." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 95 (4th Cir. 2020). Importantly, "the requisite imminent danger of serious physical injury must exist at the time the complaint or the risk that the conduct complained of [must] threaten[] continuing or future injury . . . ." *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012). When a prisoner has three or more strikes and does not show imminent danger, he or she *must* pay the full filing fee in order to proceed with his or her claims. *See Green v. Young*, 454 F.3d 405, 407–08 (4th Cir. 2006).

Here, Plaintiff's filings do not show that he is in imminent danger of serious physical harm; his allegations concern only past danger, which occurred at facilities where he is no longer housed. (*See* Compl. 2–3 (stating that this action took place at Pocahontas State Correctional Center but that he has since been transferred to Wallens Ridge State Prison).) "[S]omeone whose danger has passed cannot reasonably be described as someone who 'is' in 'imminent' danger." *Hall v. United States*, 44 F.4th 218, 224 (4th Cir. 2022). Although "past danger or past threats of danger may be considered in evaluating whether the danger is imminent at the time of filing . . ., past allegations of danger or threats of harm *on their own* are insufficient to satisfy the exception." *Id.* (citing *Chase*, 466 F. App'x at 186) (emphasis in

original). Absent specific factual allegations showing that a threat to a plaintiff's health or safety persists in the present, a prisoner cannot rely on the exception to the three-strikes rule. *See Smith v. Stirling*, No. 9:20-2359-TMC-MHC, 2020 WL 8713675, at *3 (D.S.C. Sept. 10, 2020) (citing *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006)).

Plaintiff's complaint lacks the necessary factual allegations to show that any threat of harm persists in the present. (*See* Compl. 2–3.) He offers no indication that he perceives any present threat to his safety or wellbeing at the hands of Defendants where he is currently housed. For this reason, Plaintiff is not eligible for the exception to § 1915(g)'s three-strikes provision and cannot proceed with this action without first paying the full filing fee. The court will therefore deny Plaintiff leave to proceed *in forma pauperis* and will order that he pay the full filing fee within 30 days to proceed with his claims in this action.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 18th day of May, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE